**FILED**

MAR 27 2020

Clerk, U.S. District and

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

A.B-B., *et al.*

Plaintiffs,

v.

MARK A. MORGAN, *et al.*

Defendants.

Case: 1:20-cv-00846   JURY DEMAND
Assigned To : Jackson, Amy Berman
Assign. Date : 3/27/2020
Description: Gen. Civ. (E-DECK)

Chief Judge Beryl A. Howell

**MEMORANDUM AND ORDER**

Plaintiffs, four mothers and their minor children, have moved to proceed using only

their initials, Pls.'s Mot. for Leave to File Under Pseudonyms ("Pls.'s Mot.") at 1, in their

action challenging an agreement between the U.S. Customs and Border Protection Agency

("CBP") and the United States Citizenship and Immigration Services ("USCIS") that allows

"CBP law enforcement officers . . . to . . . conduct credible fear interviews of asylum seekers

and issue fear determinations in the place of trained, professional USCIS Asylum Officers."

Compl. ¶ 4. Plaintiffs explain that "[a]s families with minor children who have been

subjected to terrible violence, [they] are especially vulnerable and require confidentiality of

identity to protect them from further trauma, harm or humiliation." Pls.'s Mot. at 4. For the

reasons set forth below, the plaintiffs' motion is granted, subject to any further consideration

by the United States District Judge to whom this case is randomly assigned.[1]

I.      **BACKGROUND**

An essential part of the asylum application process is what is known as an initial

"credible fear interview." Compl. ¶ 21. If, after this initial screening, it is "determine[d]" that

---

[1]      Under Local Civil Rule 40.7(f), the Chief Judge shall "hear and determine . . . motion[s] to file a
pseudonymous complaint." LCvR 40.7(f).

an immigrant "has a credible fear of persecution" should she be returned to her home country, she is "detained for further consideration of" her asylum application. 8 U.S.C. § 1225(b)(1)(B)(ii). Plaintiffs claim that "[f]or nearly two decades . . . USCIS's highly trained corps of asylum officers . . . have been solely responsible for conducting credible fear interviews and making credible fear determinations." Compl. ¶ 36. According to plaintiffs, however, a January 30, 2020 agreement between USCIS and CBP unlawfully changed who conducted those interviews, giving that authority to CBP's Border Patrol agents. *Id.* ¶ 57. Those agents conducted the credible fear interviews for each of the plaintiffs in this case and, for each plaintiff, "issued a negative credible fear determination." *Id.* ¶¶ 14–17. Plaintiffs now seek, among other things, to "enjoin[] Defendants from removing Plaintiffs without first providing each of them with a new credible fear . . . interview" conducted by a "USCIS Asylum Officer[]." *Id.* at 38. This, they say, would ensure that those interviews are conducted "under correct legal standards and procedures." *Id.*

## II.    LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)). The Federal Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal

citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899

(D.C. Cir. 1996)).  Accordingly, "parties to a lawsuit must typically openly identify

themselves in their pleadings," with "[b]asic fairness dictat[ing] that those among the

defendants' accusers who wish to participate . . . as individual party plaintiffs must do so

under their real names." *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463–64 (D.C. Cir.

1995) (per curiam) (internal quotation marks and citations omitted).

     Nevertheless, courts have, in special circumstances, permitted a party to proceed

anonymously.  The D.C. Circuit has instructed that "the appropriate way to determine whether

a litigant may proceed anonymously is to balance the litigant's legitimate interest in

anonymity against countervailing interests in full disclosure." *In re Sealed Case*, 931 F.3d at

96.  When weighing those concerns, five factors, initially drawn from *James v. Jacobson*, 6

F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its

analysis." *In re Sealed Case*, 931 F.3d at 97.  These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the
> annoyance and criticism that may attend any litigation or is to preserve privacy in
> a matter of [a] sensitive and highly personal nature; (2) whether identification poses
> a risk of retaliatory physical or mental harm to the requesting party or[,] even more
> critically, to innocent non-parties; (3) the ages of the persons whose privacy
> interests are sought to be protected; (4) whether the action is against a governmental
> or private party; and relatedly, (5) the risk of unfairness to the opposing party from
> allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

     At the same time, a court must not simply "engage in a wooden exercise of ticking the

five boxes." *Id.*  Rather, "district courts should take into account other factors relevant to the

particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537

F.3d 185, 189–90 (2d Cir. 2008)).  In exercising discretion "to grant the rare dispensation of

anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases

to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at 238 (other internal citations and quotation marks omitted)).

## III.   DISCUSSION

At this early stage of the litigation, this Court is persuaded that the plaintiffs have met their burden of showing that their privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation.  The public's interest in the identities of the children and their parents is *de minimis* compared to the significant privacy interests of the plaintiffs, asylum seekers who have been "victims of abuse" and whose "persecutors may be looking to determine their whereabouts."  Pls.'s Mot. at 3.

The first factor courts are instructed to consider when ruling on these kinds of motions plainly weighs in the plaintiffs' favor.  Plaintiffs do not hope to avoid mere "annoyance" or "criticism," *Sealed Case*, 931 F.3d at 97, but to prevent the public airing of their past "persecution and torture."  Pls.'s Mot. at 3.  These incidents undeniably qualify as "sensitive and highly personal" matters. *Sealed Case*, 931 F.3d at 97.

The plaintiffs also contend, with respect to the second factor, that both they and their children "face a substantial risk of retaliatory physical and mental harm."  Pls.'s Mot. at 3. Plaintiffs fled Honduras, Ecuador, and Mexico to "seek[] protection in the United States from persecution" they suffered in their home countries. Compl. ¶¶14–17.  Plaintiffs worry that their persecutors are still looking for them and express fear that revealing their identities could "expose[] them to significant danger here if they are later released or in their home countries if they are later removed." Pls.'s Mot. at 3.

The third factor, "the ages of the persons whose privacy interests are sought to be protected" also weighs in favor of allowing the plaintiffs to proceed anonymously. *Sealed Case*, 931 F.3d at 97. The Federal Rules already provide minor children the protection anonymity affords. FED. R. CIV. P. 5.2(a)(3) (allowing a minor child's initials to be substituted for his full name in court filings). Although the mothers fear for their own safety should their identities become public, they also fret that, unless their names are also hidden, their children's identities "would effectively be revealed in the court filing through a combination of the name of the parent or guardian and the child's initials." Pls.'s Mot. at 3. In the main, then, the instant motion is about protecting the privacy and well-being of children. *See J.W. v. Dist. Of Columbia*, 318 F.R.D. 196, 199 (D.D.C. 2016) (noting that when a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined"). The anonymity afforded the minor plaintiffs by the Federal Rules of Civil Procedure "would be eviscerated unless the parent was also permitted to proceed using" a pseudonym. *J.W.*, 318 F.R.D. at 199.

Allowing the plaintiffs to proceed under their initials will have no impact on any private rights, as the only defendants are government agencies and officers. Nor will allowing the plaintiffs to proceed under their initials prejudice the defendants in any way. The plaintiffs' identities are already known to the defendants in connection with their asylum applications. Moreover, the plaintiffs have disclosed their full names to the Court under seal. Pls.' Mot., Att. 1. A pseudonymous filing thus will not compromise the defendants' ability to defend this action and poses little "risk of unfairness to the opposing party." *Nat'l Ass'n of Waterfront Emp'rs v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008). Indeed, defendants understand the need to maintain the anonymity of asylum applicants and have therefore

prohibited the disclosure of their identities during the processing of asylum applications.  *See*

8 C.F.R. § 208.6.  Finally, any public interest in disclosing the identity of the plaintiffs is

significantly outweighed by privacy interests of the minor children involved in this case.  The

protection of that very privacy interest is enshrined in the Federal Rules of Civil Procedure.

FED. R. CIV. P. 5.2(a)(3).

In sum, weighed against the minimal apparent interest in disclosure, the plaintiffs'

significant interest in maintaining their anonymity at this early stage in the litigation is more

than sufficient to overcome any general presumption in favor of open proceedings.  *See*

*Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in

the disclosure of certain information, 'something, even a modest privacy interest, outweighs

nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873,

879 (D.C. Cir. 1989))).

## IV.    CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiffs' Motion for Leave to File Under Pseudonyms is

**GRANTED**, subject to any further consideration by the United States District Judge to whom

this case is randomly assigned, and the plaintiffs may proceed herein using only their initials;

it is further

**ORDERED** that the document attached to plaintiffs' Motion for Leave to File Under

Pseudonyms, including their full names and addresses, shall be sealed by the Clerk of this

Court; and it is further

**ORDERED** that the defendants are prohibited from publicly disclosing the plaintiffs'

identities or any personal identifying information that could lead to the identification of the

plaintiffs by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: March 27, 2020

BERYL A. HOWELL
Chief Judge